GEORGE SACKHEIM v. THE STATE.

No. 7081. Decided March 14, 1923.

1.—Child Desertion—Evidence—Too Remote.

Testimony that the children were placed in the home, etc., and that work was found for appellant in 1918, occurred at a time too remote to be relevant to any issue in the case.

2.—Same—Remarks by Trial Judge.

The statute forbids a trial judge from commenting upon the weight of the evidence, and it is error to do so, though it is not always harmful. Following English v. State, 87 Texas Crim. Rep., 507.

3.—Same—Evidence—Injunction—Conflict of Evidence.

Where there was a great conflict of testimony, it was competent for the defendant to introduce in evidence the injunction writ, etc., to show the *animus* of the witnesses. Following Simmons v. State, 55 Texas Crim. Rep., 441.

4.—Same—Argument of Counsel—Charge of Court.

Where the argument of State's Counsel was so obviously harmful that it would not be within the power of the Court to withdraw it, and where in the instant case, the State's attorney was assuming the attitude of the witness, and gave to the jury facts which were obviously prejudicial, the same is reversible error.

Appeal from the County Court of Harris. Tried below before the Hon. John W. Lewis.

Appeal from a conviction of child desertion; penalty, 90 days confinement in the county jail.

The opinion states the case.

*A. E. Dawes,* and *Stevens & Stevens* for the appellant.—On question of argument of Counsel: Smith v. State, 117 S. W. Rep., 971, and cases cited in the opinion.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The offense is child desertion; punishment fixed at confinement in the county jail for a period of ninety days.

Two of appellant's children, ages ten and twelve years, were, during the year 1918, placed in a charitable institution known as the Faith Home. The wife of the appellant at the time was sick, and an organization known as the Jewish Charities requested that the children be placed in the institution named during her illness and confinement in a sanitarium.

The indictment was returned in December, 1921, and the conviction rests upon the averment and proof that the appellant wilfully refused to support his children mentioned. The record reflects the fact that there were disagreements between the appellant and the persons in charge of the institution mentioned. The officers testified that they were insisting that the appellant remove his children and that they would not accept pay for their retention. In January, 1921, one of the officers in charge of the institution wrote a letter to the wife of the appellant, who was at that time in a sanitarium in Baltimore, Maryland, in which she was informed, in substance, that it was satisfactory for the appellant to visit her, and that her children were doing fine and that they would be cared for, and that it was desirable that they remain in the institution. It is also

stated in the letter that the appellant did not put the children in the institution; that he had nothing to do with removing them therefrom and that they would be cared for until the wife would be able to return to her home and care for them.

Appellant admits that he paid into the institution only seven dollars during the time that his children had been there; but claims that they were not there with his consent, and further, that he was unable to make any more money than was essential to pay the expenses of his sick wife. The children were finally sent to his home at a time when he was away and left with a neighbor, who returned them to the institution.

A witness by the name of Bath testified that the. children were placed in the home at the request of the appellant, as well as his wife, and the witness had in 1918 found work for appellant but that he would not accept it. This was objected to as having occurred at a time too remote to be relevant upon any issue in the case, and in our opinion, this objection should have been sustained.

The officers in charge of the institution had filed two complaints against the appellant for aggravated assault. These had been dismissed, and he introduced these facts in evidence. In receiving them, the trial judge remarked that the evidence was not material and constituted no defense.

Appellant also introduced in evidence an injunction writ issued in October, 1921, forbidding him to visit the institution except at certain stated times. On receipt of this in evidence the trial judge remarked that it was immaterial; but that he would admit it. The bearing that both of these matters had upon the case related to the animus of the witnesses against the appellant. The statute forbids the trial judge from commenting upon the weight of the evidence, and it is error to do so, though it is not always harmful. English v. State, 87 Texas Crim. Rep., 507 and cases there cited.

There was such conflict between the testimony of the officers of the institution who testified upon behalf of the State and the appellant as rendered it competent for him to introduce in evidence the injunction writ and the complaints for the purpose of showing the animus of the witnesses and to enable the jury to place the proper value upon their testimony. The comments of the court were improper and may have been injurious. See Simmons v. State, 55 Texas Crim. Rep., 441.

A bill complains of the remarks of the prosecuting attorney. The prosecuting attorney used this language:

"This defendant for the past eighteen (18) months has annoyed me previously. From time to time I have demanded that he do something to support his children and threatened to put him in jail but repeatedly he has told me to do my darnedest."

Exception was taken to this part of the closing argument of the

State's counsel. The court sustained the objection and instructed the jury to disregard the argument, after which the State's counsel withdrew the remarks. The argument seems to be so obviously harmful that it would not be within the power of the court to withdraw it. It is within the class of arguments which has been criticised in numerous opinions and upon which reversals have often been ordered. The county attorney was assuming the attitude of a witness and gave to the jury facts which were obviously prejudicial. It was within the discretion of the jury to assess a penalty much less severe than the one embraced in its verdict.

We regard the remarks of counsel as accentuating the errors pointed out, and in our judgment, should bring about a reversal, which is ordered.

*Reversed and remanded.*