ELIZABETH MCCARTER V. STATE

No. 28,310. June 30, 1956.

*Schlesinger, Goodstein & Semaan,* by *Louis W. Schlesinger* and *A. A. Semaan,* San Antonio, for appellant.

*Hubert W. Green Jr.,* Criminal District Attorney, *Anthony Nicholas, Jr.,* Assistant Criminal District Attorney, San Antonio, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

Appellant was convicted of murder with malice and her

punishment assessed at twenty years' confinement in the penitentiary.

The homicide occurred on the evening of April 3, 1954, at a place known as the Welcome Inn, which was operated by the deceased.

According to the state's witnesses, appellant entered the place, and, after ordering a beer from the deceased, produced a pistol from her purse and stated to the witness Tom B. Bromley: "See this gun here. I have got a bullet in it for Mack." (Meaning appellant's husband.) After the deceased told appellant to put the gun up, appellant stated to her: "I have been wanting to get even with you. * * * I have been wanting to get even with you for seven or eight months and I will just let you have it." and then fired the fatal shot which killed the deceased.

As a witness in her own behalf, appellant admitted shooting the deceased but testified, in mitigation thereof, to certain relations existing between her husband and the deceased.

Appellant testified that she and her husband were married in 1941 and began having difficulties in 1950 after he started going to the deceased's place of business; that she protested his going there because the place had a bad reputation; that he continued to go to the place and on occasions would take trips with the deceased; that, when she protested his attentions to the deceased, her husband would curse, abuse and beat her; that many times she asked the deceased to quit going with her husband and the deceased told her it didn't make any difference to her and that she was going to keep on going with him.

Appellant further testified that she did not go to the place with the intention of shooting the deceased and that, after she had entered, the deceased made some sarcastic remark about "why I had to go out checking on my husband;" and then "it just seemed like everything that ever had been done and everything that she had ever said to me and that he had ever done to me and every beating I had got and every cursing I had ever got,—everything just come all over me all at once and I just, —I took the gun out of my pocket and was going around the table and I don't know whether I was saying anything or not, and I was clicking the gun at her and I thought maybe I could scare her too and the gun went off."

By Bill of Exception No. 19 appellant complains of the re-

fusal of the court to declare a mistrial following certain statements made by the court in ruling upon appellant's objection to questions propounded to the state's witness Pete Gilbert on re-direct examination.

The record reflects that the witness was an eye-witness to the shooting and, in his direct testimony, related his version of the killing, which bore upon the issue of malice in the case. On cross-examination, appellant's counsel sought to impeach the witness by asking him about a statement he had made to the police on the night of the killing. On re-direct examination, after state's counsel had inquired of the witness as to whether he had made a certain statement to the police and appellant's counsel objected on the ground that it was an attempt on the part of counsel to bolster his own witness, the following transpired:

"Mr. NICHOLAS (For The State): Counsel has gone into it and I am entitled to go into the whole statement.

"The COURT: I understand that. He is only impeaching him in regard to immaterial matters to begin with.

\* \* \* \* \*

"The COURT: I will withdraw that remark, Gentlemen of the Jury. Only a portion of the testimony is impeaching,—the immaterial portion of it at least.

"Mr. SEMAAN: I want to object to the Court commenting on the evidence in the presence of the jury and ask for a mistrial for that reason.

"The COURT: Motion overruled.

"Mr. SEMAAN: Note our exception for the reason stated."

The remark of the court referred to testimony of the witness which had been previously admitted in evidence. The remark to the effect that it was immaterial was a comment upon the weight of the evidence, in violation of Art. 707, V.A.C.C.P., and was prejudicial. Branch's P.C., 2nd Edition, Sec. 291, p. 234. Sackheim v. State, 94 Tex. Cr. R. 43, 249, S.W. 867.

For the error pointed out, the judgment is reversed and the cause remanded.

Opinion approved by the Court.

MORRISON, Presiding Judge, concurring.

I concur in the reversal of this conviction and further observe that, as I see it, the trial court fell into serious error when he refused to reopen the case and permit the appellant to offer the testimony of a witness to a material issue. The witness satisfactorily explained his absence from court when he was first called, and no undue delay would have been occasioned by allowing him to testify.